**YUNG YING SHI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72223.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed June 26, 2009.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**668**

Gang Zhou, Law Offices of Gang Zhou, New York, NY, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Yung Ying Shi, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), we grant in part and dismiss in part the petition for review.

 The IJ denied relief based on an adverse credibility finding. Though the IJ put forth a number of testimonial inconsistencies in support thereof, the inconsistencies are based on impermissible conjecture, are not central to Shi's asylum claim, nor are they supported by the record. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000). Similarly, the IJ's stated reasons for making a demeanor-based adverse credibility determination either do not find support in the record, *see Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir.2005), or do not relate to Shi's demeanor at all.

■ Because the IJ failed to put forth a legitimate basis to question Shi's credibility, we accept her testimony as true. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004). Shi's testimony of a forced abortion renders her eligible for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir.2005).

■ Alternatively, we find that Shi was denied a full and fair hearing due to the IJ's obvious bias. Throughout the hearing, IJ Anna Ho badgered Shi with loaded, pejorative questions and effectively abandoned her role as a neutral fact finder.[1]

We therefore grant the petition for review and remand for the Attorney General's exercise of discretion regarding asylum, and for an appropriate order withholding removal.

We need not reach Shi's contentions that she is entitled to relief under CAT, or that the IJ erred in determining that Shi failed to produce sufficient corroborating evidence.

■ Finally, because Shi did not raise the issue before the BIA, we lack jurisdiction to consider whether the IJ's decision to accord Shi's documents very little weight violated Shi's due process rights. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Nor is this the first time this court has found this particular IJ's judicial behavior lacking. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1047 & n. 2 (9th Cir.2005).

As the prevailing party, Shi is entitled to costs in this court.

**PETITION FOR REVIEW GRANTED, except for petitioner's due process claim which we dismiss for failure to exhaust.**

Dissent:

Judge Leavy would deny the petition for review.

## ORDER

The government's petition for panel rehearing is granted. The memorandum disposition issued on March 20, 2009, is hereby withdrawn. A replacement disposition shall issue concurrently with this order.

Shi's motion for leave to file an answer to the petition for rehearing is denied as moot.

No further petitions for rehearing will be entertained in this closed case.